IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTHA ANDERSON, No. A01815, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 13-cv-01237-JPG ) |
| SLAVADOR A. GODINEZ, TERRI ANDERSON, RICHARD HARRINGTON, and JEANNETTA COWAN, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Otha Anderson, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the denial of his requests for placement in protective custody while at Menard.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

## The Complaint

According to the complaint, upon arrival at Menard from Stateville Correctional Center ("Stateville") in June 2013, Plaintiff Anderson has sought protective custody from "Security Threat Groups," including, among others, inmate Charles "Chuck" Martin, who murdered Plaintiff's brother and who has "pointed out" Plaintiff to a "Latino Security Threat Group." Plaintiff is disabled and has been attacked by prison gangs in the past, and there are more enemy gangs at Menard than there were at Stateville. According to the complaint, these are documented "enemies" and these "Security Threat Groups" have assured Plaintiff that they will "get" him.

Salvador A. Godinez, Director of the Illinois Department of Corrections ("IDOC"), Warden Richard Harrington, Manager of Inmate Issues Terri Anderson, and Caseworker Supervisor Jeannetta Cowan, were each involved in the decision to deny him protective custody (*see also* Doc. 1, pp. 15-16), playing "Russian roulette" with Plaintiff's life.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of a transfer.

Based on the allegations in the complaint, the Court finds it convenient to frame the *pro se* action into the following count.

> **Count 1: Defendants Godinez, Harrington, Anderson and Cowan were deliberately indifferent to a serious risk to Plaintiff's safety, but they denied him protective custody, in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment's prohibition against cruel and unusual punishments applies to the states through the Fourteenth Amendment's Due Process Clause. *Gillis v. Litscher,* 468 F.3d 488, 491 (7th Cir. 2006) (citing *Robinson v. California,* 370 U.S. 660 (1962)). To prevail on an Eighth Amendment claim, a plaintiff must show that prison officials imposed conditions which

denied him the minimal civilized measure of life's necessities. *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 670 (7th Cir. 2012). Part of a prison official's duty under the Eighth Amendment is taking "reasonable measures to guarantee the safety of inmates." *Santiago v. Walls,* 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (internal citation and quotation marks omitted)).

More specifically, officials have a duty to protect prisoners from violence at the hands of other prisoners. *Pinkston v. Madry,* 440 F.3d 879, 889 (7th Cir. 2006). To prevail on a claim that prison officials failed to protect him from a known risk of attack, a plaintiff must show (1) the official's denial of his request for protective custody posed a substantial risk of serious harm and (2) the official acted with deliberate indifference to that risk. *See Farmer,* 511 U.S. at 834. *See also Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008) ("[A]n inmate has no claim unless the official knows of and disregards a substantial risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 842.

Damages for a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence, *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White,* 102 F.3d 267, 270 (7th Cir. 1996). But an inmate may seek injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm. *Farmer,* 511 U.S. at 845. If an official has enough information to know a specific threat exists as to a particular inmate (or an identifiable group of inmates with plaintiff's

characteristics), injunctive relief is a proper remedy if that official ignores the threat. *Guzman v. Sheahan,* 495 F.3d 852, 857–58 (7th Cir. 2007); *Walsh v. Mellas,* 837 F.2d 789, 797 (7th Cir. 1988). *See also Weiss,* 230 F.3d at 1032 ("Sometimes the heightened risk of which the guards were aware comes about because of their knowledge of the victim's characteristics, not the assailant's.").

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the requisite personal involvement and a colorable Eighth Amendment claim against Defendants Godinez, Harrington, Anderson and Cowan.

### Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed by separate order.

Plaintiff's motion for recruitment of counsel (Doc. 3) will be referred to a Magistrate Judge for consideration.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Defendants Salvador A. Godinez, Terri Anderson, Richard Harrington and Jeannetta Cowan.

The Clerk of Court shall prepare for Defendants **SALVADOR A. GODINEZ**, **TERRI ANDERSON**, **RICHARD HARRINGTON** and **JEANNETTA COWAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 20, 2013**

                                                  *s/ J. Phil Gilbert*
                                                  **United States District Judge**