IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTHA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01237-JPG-PMF |
| ) | |
| SALVADOR A. GODINEZ, *et al*., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 71) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's "Motion for Sanctions to be Imposed on Defendants for Obstruction of Justice in a Pending Civil Rights Complaint" (Doc. 63). Plaintiff filed a timely objections to the R & R (Doc. 72).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As an objection has been filed, the Court will review the R & R *de novo*. Plaintiff moves for sanctions under Federal Rule of Civil Procedure 37. Plaintiff is alleging that the Defendants (or their agents) have: 1) failed to file a motion with the Court thus interfering with his access to the court system; 2) that Security Threat Groups have been allowed to read his legal filings; and 3) that the heat in cell has been turned off.

The motion that was not filed, but was attached to the Motion for Sanctions, was a Motion to Compel Discovery. The individual that failed to file the motion was Jennifer L. Clendenin (unsure spelling) who is not a party to this matter. The Court also notes that Security Threat Groups are not a party to this action. As stated in the R & R, general issues with the Menard law library should be addressed though the prison grievance procedures and if Plaintiff is asserting any other claims against additional parties, he should do so in a separate suit(s).

Federal Rule of Civil Procedure 37 allows the Court to impose sanctions for not obeying a discovery order, but Plaintiff must first move to compel the disclosure or discovery which includes a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery. Fed. R. Civ. Pro. 37(a)(1). It appears that the Plaintiff was attempting to file the Motion to Compel Discovery and as such, the Court will direct the Clerk of Court of file the Plaintiff's Motion for an Order to Compelling Disclosure or Discovery which was attached to Plaintiff's Motion for Sanction.

According, the Court **ADOPTS** the Report & Recommendation (Doc. 71) in its entirety and Plaintiff's "Motion for Sanctions to be Imposed on Defendants for Obstruction of Justice in a Pending Civil Rights Complaint" (Doc. 63) is **DENIED**. The Clerk of Court is **DIRECTED** to file pages 4 through 13 of Plaintiff's Motion for Sanctions (Doc. 63) as a Separate Motion for an Order Compelling Disclosure or Discovery.

**IT IS SO ORDERED.**

**DATED:**  6/11/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**