IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTHA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-1237-MJR-DGW |
| ) | |
| SALVADOR GODINEZ, ) | |
| TERRI ANDERSON, ) | |
| RICHARD HARRINGTON, ) | |
| JEANNETTE COWAN, ) | |
| and SANDRA FUNK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

In November 2013, this civil rights suit was filed by Otha Anderson (Plaintiff), an inmate at Menard Correctional Center, under 42 U.S.C. 1983. On August 4, 2016, the undersigned granted Defendants' summary judgment motion. Judgment was entered in favor of Defendants and against Plaintiff the same day.

Now before the Court is Defendants' August 8, 2016 bill of costs (Doc. 132), to which Plaintiff objected via "Motion to Dismiss Defendants' Bill of Costs" a week later (Doc. 135), and Defendants replied on August 30, 2016 (Doc. 140). Defendants seek to recover just the $246.90 incurred in deposing Plaintiff in this lawsuit, as reflected on the bill of Midwest Litigation Services (Doc. 132, p. 4).

Federal Rule of Civil Procedure 54(d)(1) entitles prevailing parties to recover their costs, other than attorneys' fees. ***Richardson v. City of Chicago*, 740 F.3d 1099, 1102 (7th Cir. 2014).** Rule 54(d) provides that unless a federal statute, rule, or court

order says contra, costs "should be allowed" to the prevailing party. In other words, under Rule 54(d) "prevailing parties presumptively recover their costs." *Loomis v. Exelon,* 658 F.3d 667, 674 (7th Cir. 2011). *Accord Myrick v. WellPoint, Inc.,* 764 F.3d 662, 666 (7th Cir. 2014), *cert. denied,* 135 S. Ct. 1508 (2015).

Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. General Revenue Corp.,* -- U.S. --, 133 S. Ct. 1166, 1172 (2013). Stated another way, Rule 54(d) establishes a strong presumption that the prevailing party will be awarded the costs of litigation identified in 28 U.S.C. 1920. *See, e.g., Montanez v. Simon,* 755 F.3d 547, 557 (7th Cir.), *cert. denied sub nom. Montanez v. Chicago Police Officers FICO,* 135 S. Ct. 459 (2014); *Johnson v. Cypress Hill,* 641 F.3d 867, 873 (7th Cir. 2011); *U.S. Neurosurgical, Inc. v. City of Chicago,* 572 F.3d 325, 333 (7th Cir. 2009). And the "process for awarding costs is intended to be summary." *Extra Equipamentos E Exportacao, Ltda. v. Case Corp.,* 541 F.3d 719, 727 (7th Cir. 2008), *cert. denied,* 555 U.S. 1175 (2009).

Although in common parlance, the word "costs" often is equated with "expenses," the "concept of taxable costs under Rule 54(d) is more limited" -- such costs are modest in scope and "a fraction of the nontaxable expenses borne by litigants." *Taniguchi v. Kan Pacific Saipan, Ltd.,* -- U.S. --, 132 S. Ct. 1997, 2006 (2012). The items of recoverable costs are limited by statute. In 28 U.S.C. 1920, Congress delineated the specific categories of costs which a district court can award. Those categories include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; [and]
(6) Compensation of court appointed experts [and] … interpreters….

Without question, Defendants are the prevailing parties in this case. They seek to recover a proper item of costs. They have provided an affidavit showing that the deposition transcript was necessary to litigate this case. And the cost of the transcript is reasonable (the $2.90 price per page is less than the maximum allowable transcript rate set by the Judicial Conference of the United States).

As the losing party in the litigation, Plaintiff shoulders the burden of demonstrating that costs sought are *not* allowable. *See Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012), *citing Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)("… the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."); *Johnson v. Target Corp.*, 487 Fed. App'x 298, *cert. denied*, 133 S. Ct. 1735 (2013) ("A prevailing party … presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption."). He has not done so.

The law of this Circuit recognizes that district courts may deny costs if the losing party presents competent proof that he is financially unable to pay an award of costs, or the prevailing party engaged in misconduct en route to prevailing. *See, e.g., Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). *See also Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) ("Since 1983, this Court has held that it is 'within the

discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d).'").

It is significant to note that indigence does not *automatically* excuse a losing party from paying the prevailing party's costs. *See, e.g., Luckey v. Baxter Healthcare Corp.,* 183 F.3d 730, 733–34 (7th Cir. 1999) ("We have held that an award of costs is proper even when the unsuccessful litigant had been allowed to proceed *in forma pauperis.*"). If indigence is the basis for objecting to costs, the losing party must provide sufficient documentation on which the district court can make a factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Rivera,* 469 F.3d at 635, *quoting McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994). The documentation "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Plaintiff has supplied no such documentation and does not even *argue* that his indigence precludes him from paying the costs here. The Court will not make this argument for him. *See Sklyarsky v. ABM Janitorial Services-N. Cent., Inc.,* 494 Fed. App'x 619, 623 (7th Cir. 2012) (the indigence exception "applies only if a losing party shows that it is incapable of paying court-imposed costs at the time of judgment *or* in the future"), and *Rivera,* 469 F.3d at 635-36 (emphasizing that the indigence "exception is a narrow one"). So the only other ground on which the undersigned can deny the requested reasonable and necessary costs is misconduct by the prevailing parties.

That is the theme of Plaintiff's objection here – he says the deposition transcript was "falsely record," because no lawyer was present on his behalf.  But Plaintiff was not represented by counsel herein.  It is not as if his attorney was denied the right to be present.  Plaintiff proceeded pro se, and Defendants did not engage in misconduct by deposing him as such.  Additionally, Defendants note that Plaintiff never lodged this objection (absence of counsel) *during* the deposition.  And to the extent Plaintiff takes issue with the Court's denial of his motion for recruitment/appointment of counsel, that denial is not the Defendants' "misconduct" so as to block taxation of costs.

Plaintiff chose to file this lawsuit, and once he did, Defendants had to defend it.  Taking Plaintiff's deposition was clearly a reasonable (indeed, necessary) step in the litigation, and the costs incurred thereby are recoverable.  Plaintiff has not overcome the presumption that Defendants are entitled to this reasonable item of costs.

For all these reasons, the undersigned **DENIES and OVERRULES** Plaintiff's objection (Doc. 135) to the Bill of Costs (Doc. 132) and **AWARDS costs in the total amount of $246.90** to Defendants.  The Clerk of Court **SHALL TAX COSTS** in the amount of **$246.90.**

IT IS SO ORDERED.

DATED September 7, 2016.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge